The Honorable David Choate State Representative 709 North Main Street Beebe, Arkansas 72012-3048
Dear Representative Choate:
This is in response to your request for an opinion on three questions relating to the City of Beebe's water and sewer system. Attached to your request were income statements showing that the system incurred a net loss in each of the years ended September 30, 1991, 1992, 1993, and 1994. Your questions, the order of which I have altered from that set forth in your request, are:
1. Are the net losses shown since 1991 legal?
2. Does the depreciation fund have to be fully funded?
 3. Would the City Council need to offset the city's budget by an amount equal to the loss?
In response to your first question, it is my opinion that the incurrence of net losses, as shown by its financial statements, by a municipal water and sewer system does not, in and of itself, violate any state law. I have located no provision of law requiring such a system to generate a profit for accounting purposes.
The attachments to your request indicate that the City has outstanding certain revenue bonds secured by revenues of the system. Applicable law requires municipal water and sewer systems with outstanding bonded indebtedness[1] to set and maintain rates sufficient to make specified payments and maintain specified reserves. See A.C.A. §§ 14-234-103(e)(3),14-234-205(c), 14-234-214(b), and 14-235-223(b). These statutes must be consulted in each case, and applied to the prevailing facts and circumstances, to determine whether a municipality is maintaining its rates for services at levels in violation thereof. The City should also review its ordinances and any other documents relating to its outstanding bonds, including, as applicable, its rate and bond ordinances and any trust indentures, to determine if its rates are at levels in violation of any of the provisions thereof. Such documents commonly contain requirements or covenants to the effect that a municipality will set and maintain its water and sewer rates at levels sufficient to enable it to make certain payments and maintain certain reserves.
With respect to your second question, it is my opinion that a municipal water and sewer system's depreciation account must be "fully funded," although it must be noted, as discussed below, that the "depreciation and amortization" amount shown on such a system's income statement in theory is not necessarily, and in practice almost certainly is not, the amount, if any, that must be credited to the depreciation account for the same fiscal year.
Under A.C.A. § 14-234-103(e)(3), a municipal water system must charge rates sufficient to provide, among other things, "an adequate depreciation account." Similarly, A.C.A. §§ 14-234-205(c) and14-234-214(b)(3) require such a system to charge rates that will permit it to "provide an adequate depreciation fund." Finally, A.C.A. §14-234-214(e)(2) provides rules for the disposition of excess amounts accumulated in the depreciation account. That statute indicates in essence that an amount "which the operating authority shall find may be necessary for probable replacements needed during the then fiscal year, and the next ensuing fiscal year," is the appropriate balance of the depreciation account, and that amounts in excess thereof may be transferred to the bond and interest redemption account.[2]
In my opinion, the statutory provisions described above clearly indicate that the operating authority of a municipal water system, or a combined municipal water and sewer system, must determine the amount that will be necessary for probable replacements to the water portion of the system during the current and the succeeding fiscal year, and must maintain a depreciation account in that amount, adding any amount necessary to cause the balance of the account to equal the required total.
Clearly, the amount that must be credited to the depreciation account in any given year will be a function of both the operating authority's estimate of the replacements that will be necessary over the statutory period and the amount, if any, remaining in the account from prior periods. If, for example, previously anticipated replacements proved unnecessary, an operating authority might conclude that its depreciation account is sufficient with little or no addition of funds in the current year.
The depreciation and amortization expense shown on an enterprise's income statement is, on the other hand, an accounting convention, not an actual cash expense, that serves ultimately to recognize the diminution in value of an asset (here, the physical properties of the water and sewer system) over time. The recognition of depreciation expense for accounting purposes is not necessarily directly related to the current usefulness of the asset or its remaining useful life; it is not at all uncommon for an enterprise's balance sheet to place very little value (due to the prior recognition of depreciation expense related to that asset) on an asset whose useful life is far from over. The amount of depreciation expense recognized in any given year is determined by reference to applicable accounting principles.
Because the requirements to maintain a depreciation account and to recognize depreciation expense in financial statements serve different purposes, and because the amounts required or recognized in order to comply with such requirements are determined independently, it is clear that only coincidentally would a municipal water and sewer system be required to credit to its depreciation fund in a given fiscal year the amount recognized in its financial statements as depreciation expense for such year.
With respect to your third question, it should be noted that Ark. Const. art. 12, § 4, provides that "[t]he fiscal affairs of counties, cities and incorporated towns shall be conducted on a sound financial basis," and that the governing body of a municipality shall not:
 enter into any contract or make any allowance for any purpose whatsoever or authorize the issuance of any contract or warrants, scrip, or other evidences of indebtedness in excess of the revenue for such [municipality] for the current fiscal year; nor shall any mayor, city clerk or recorder, or any other officer or officers, however designated, of any city of the first or second class or incorporated town sign or issue [any] scrip, warrant or other certificate of indebtedness [in] excess of the revenue from all sources for the current fiscal year.
In my opinion, the answer to your question is "no" because the net loss shown on the water and sewer system's income statement for any given year almost certainly does not reflect the actual difference, if any, between the system's revenues and reserves, on the one hand, and its expenditures and allowances, on the other. As discussed above, a system's depreciation expense is not a cash item and does not represent an actual expenditure for purposes of Ark. Const. art. 12, § 4. Accordingly, a system showing a net loss for accounting purposes may, for purposes of the constitutional provision, be generating excess revenues.
Your question suggests the proper analysis, however, and a municipality may, in certain instances, be compelled to reduce expenditures in other areas to make up for deficit spending by a water and sewer system. For purposes of Ark. Const. art. 12, § 4, the whole of a municipality's revenues, reserves, expenditures, and allowances should be considered together. If a municipality's water and sewer system's expenditures and allowances are, in fact, in excess of the system's revenues and reserves, the municipality must, in order to avoid a violation of the constitutional provision, maintain a surplus of revenues and reserves over expenditures and allowances in its other operations in an amount equal to the system's shortfall. I reiterate, however, that a municipal water and sewer system's net loss for financial statement purposes would rarely, if ever, indicate the amount of such a shortfall, or even if one actually exists.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] Some of the provisions cited in the accompanying text may apply to any municipal water or sewer system, whether or not it has bonds outstanding. Because the attachments to your request clearly indicate that the City has water and sewer revenue bonds outstanding, it is not necessary to decide, and I express no opinion with respect to, whether any of the cited statutory provisions apply to systems without debt.
[2] With respect to sewer systems, A.C.A. § 14-235-223(b) requires the setting of rates "sufficient in each year for the payment of the proper and reasonable expense of operation, repair, replacements, and maintenance of the works. . . ." [Emphasis added.] It does not appear, therefore, that a depreciation account must be maintained with respect to the sewer portion of a combined municipal water and sewer system, although rates must be sufficient to provide for replacements as needed.